ASSUMPSIT on a promissory note for $71, made February 15th, 1869, by Charles Washington to the order of the defendant, payable nine months after date, at the Delaware City National Bank, and by him indorsed before maturity to the plaintiff for the accommodation of the maker, who had delivered it to the plaintiff in part payment for goods before sold and delivered to him by the plaintiff, and who in a few days after the delivery of it to him, had altered it without the authority or consent of the defendant, by inserting the words "with interest," but which he had afterward erased, a few days before it became due, also without the authority or knowledge of the defendant. It was admitted that the defendant had been duly notified of the protest of it for non-payment by the maker at maturity; and the question was whether the alteration so made and erased vitiated the note.
J. W. Rodney, for the plaintiff. He would admit that it had been at one time a material, though not a fraudulent alteration, for the note should have been so drawn originally, as it was given for a balance due on settlement of an account with an additional credit of nine months to the maker on the security of the defendant's indorsement, and the holder innocently supposing he had a right to make the correction, had made the alteration without any fraudulent intention whatever. But on discovering his error while it was yet in his hands and before its maturity, he rectified his own mistake and erased the alteration, and the same hand that committed *Page 323 
had corrected the error, and it is now and was at its maturity, the same as it originally was, without any material alteration in point of fact in it. 2 Pars. on Notes and Bills, 582.
Spruance, for the defendant. It was not only when made a material change in a material part of the note, but it was intended to be, and was for the benefit of the holder of it; and such was the policy and jealousy of the law in regard to the purity of such negotiable paper, that even such an alteration as this was or had been, was fatal to it, and would vitiate and avoid the note in the hands of any holder of it, and particularly in the hands of the holder who made the alteration.Sudler vs. Collins, 2 Houst. 538. Warrington vs. Earley, 75 E. C. L. R.
763. Birdfield vs. Moore, 77 E. C. L. R. 682. Master vs. Miller, 4 T. R.
320. 2 Pars. on Notes and Bills, 571.
Rodney, replied.
The Court,
That as the facts in the case were before them in a written statement signed by the counsel, the court would say to them that the note was vitiated by such an alteration, and the plaintiff could not recover upon it, because the policy of the law which is to guard and preserve such instruments in their strictest purity and entire exemption from any material alteration whatever, would not allow the plaintiff even to attempt to do what he had endeavored to do in this case, notwithstanding it might have been done by mistake and without any fraudulent intention on his part. Their verdict should, therefore, be for the defendant. *Page 324